UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

DERRICK STORMS, ADRIAN BATLLE,
A1 PROCUREMENT, LLC, A1 PROCUREMENT
JVH, A1 PROCUREMENT – TRANSPORTATION
LEASING CORP., LLC, and A1 PROCUREMENT,
JVG,

                Plaintiffs,         **MEMORANDUM & ORDER**
                                                13-CV-0811 (MKB)

              v.

UNITED STATES OF AMERICA, DEPARTMENT
OF VETERAN AFFAIRS, ERICK K. SHINSEKI,
SCOTT W. GOULD, JOHN R. GINGRICH, DAVID
H. ECKENRODE, THOMAS J. LENEY, JAN R.
FRYE, WILLIAM A. COX, GREGORY VOGT,
ERNEST MONTELEONE, DELIA ADAMS, JOHN
FEDKENHEUER, DENNIS FOLEY, JUSTINA
HAMBERG, JAYSON HWANG, ANDREA M.
GARDNER-INCE, SUPERVISORS OF THE 8127
DEBARMENT COMMITTEE, SUPERVISORS OF
THE CENTER FOR VETERANS ENTERPRISE,
and JOHN/JANE DOES 1–100,

                Defendants.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Derrick Ramon Storms, Adrian Miguel Batlle, A1 Procurement, LLC, A1 Procurement JVH, A1 Procurement-transportation Leasing Corp., LLC and A1 Procurement, JVG bring the above-captioned action against Defendants the United States of America, Department of Veterans Affairs ("VA"), Erick K. Shinseki, Scott W. Gould, John R. Gingrich, David H. Eckenrode, Thomas J. Leney, Jan R. Frye, William A. Cox, Gregory Vogt, Ernest Monteleone, Delia Adams, John Fedkenheuer, Dennis Foley, Justina Hamberg, Jayson Hwang, Andrea M. Gardner-Ince, Supervisors of the 8127 Debarment Committee, Supervisors of the

Center for Veterans Enterprise and unknown employees of the VA, "John and Jane Does 1-100," asserting claims pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"), the Fifth Amendment to the United States Constitution, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). (Sec. Am. Compl., Docket Entry No. 47.) Currently before the Court is the appeal of a decision by Magistrate Judge Ramon Reyes denying Plaintiffs' motion for discovery.

I. **Background**

   a. **Allegations in the Second Amended Complaint**[1]

Plaintiffs allege misconduct by Defendants in issuing certain decisions affecting Plaintiffs' ability to obtain set-aside government contracts through their "qualified Service-Disabled, Veteran-Owned Small Business ("SDVOSB")." (*Id.*) Plaintiffs claim damages as a result of Defendants' decisions to (1) remove A1 Procurement, LLC ("A1") from its Vendor Information Pages ("VIP") database, impacting its ability to take advantage of set-aside government contracts, and (2) debar certain Plaintiffs from bidding on any government contracts for five years. (*Id.*)

On April 7, 2010, the Center for Veterans Enterprise ("CVE"), an office of the VA charged with evaluating applications from federal government contractors for potential inclusion in the VA's VIP database, verified A1 as an eligible SDVOSB and granted A1's application for inclusion in the VIP database. (*Id.* ¶ 37.) The VIP database includes all SDVOSBs and Veteran Owned Small Businesses ("VOSBs") that are verified to be at least 51% "owned and controlled" by a veteran or service-disabled veteran. (*Id.*) Inclusion in the VIP database is a prerequisite to

---

[1] The facts alleged in the Second Amended Complaint are assumed to be true for the purposes of this appeal.

2

bidding on certain contracts set aside for qualifying veteran-controlled businesses. (*Id.* ¶ 1, n.1.) In granting A1's application, the CVE "unequivocally determined" that A1 was owned and controlled by Plaintiff Derrick Storms, a service-disabled veteran and A1's Chief Executive Officer ("CEO") and 51% majority owner. (*Id.* ¶¶ 12, 38.)

On August 9, 2011, Defendant Eckenrode "abused" his position as Deputy Director of the CVE when he removed A1 from the VIP database "without good cause." (*Id.* ¶ 41.) A1 was removed from the VIP database because Storms' resume indicated that in addition to his role as CEO of A1, he served as President of Homeless Veterans of America, Inc. and the Managing Partner of Storms and Associates, P.A. (*Id.* ¶ 42.) The CVE "unscrupulously" decided that it could not thereby determine, in light of his other responsibilities, that Storms controlled A1. (*Id.* ¶ 46.) The CVE removed A1 from the VIP database in retaliation for a "personal feud" between Storms and Eckenrode. (*Id.* ¶¶ 38–39, 45.)

On August 23, 2011, A1 filed a request for reconsideration of the CVE's decision to remove A1 from the VIP database. (*Id.* ¶ 52.) The CVE failed to timely issue a decision on A1's request for reconsideration, waiting over two years "until being ordered to do so by this Court."[2] (*Id.* ¶ 63 (citing Minute Entry dated Aug. 9, 2013 ("order[ing] Defendant Department of Veteran Affairs to rule on A1['s] pending request for reconsideration")).) On or about August 12, 2013, CVE denied A1's request for reconsideration. (*Id.* ¶¶ 131–32.)

After Plaintiffs contacted Senator Marco Rubio's office to complain about CVE's delay in acting on their request for reconsideration, the VA "unlawfully" issued Proposed Debarment Notices to Storms, Batlle, and A1 on January 20, 2012. (*Id.* ¶ 69.) The Proposed Debarment

---

[2] Plaintiffs argue that this delay constituted "an intentional tortious act" as the CVE rendered decisions on other applicants' requests for reconsideration within 31 days of receipt. (Sec. Am. Compl. ¶ 64.)

3

Notices advised them that the VA was initiating debarment proceedings against Storms, Batlle and A1 for "allegedly misrepresenting A1's SDVOSB status" while submitting a quotation in November 2011. (*Id.* ¶ 69.)

On May 2, 2012, Defendant Frye, the VA Debarring Official, issued notices of debarment to Storms, Batlle and A1 "debarring each for five (5) years from government-wide contracting with any federal agency." (*Id.* ¶ 74.) Defendants thereafter "intentionally and unlawfully publically humiliated" Storms, Batlle and A1 by posting their names on the VA 8127 Debarment Committee website and alerting the public to the five-year debarment. (*Id.* ¶¶ 75–76.) On February 19, 2013, the debarment of Storms, Batlle and A1 was vacated by the VA. (*See* Docket Entry No. 9 at ECF 2.)

### b. Plaintiffs' discovery motions

On September 11, 2013, Plaintiffs filed a motion seeking "limited written discovery" on the grounds that the Department of Justice ("DOJ") has "failed to identify all members of the 8127 debarment committee" and has "raised jurisdictional defenses that will be resolved with discovery." (Pl. First Mot. for Disc. 1, Docket Entry No. 33.) Plaintiffs' motion also sought the identification of the John/Jane Doe conspirators. (*Id.*) After briefing by the parties on the motion for "limited written discovery," (*see* Docket Entry Nos. 34, 36–37), on September 20, 2013, during a telephone conference, Judge Reyes ordered Plaintiffs to serve the contemplated discovery requests by October 4, 2013, but also ordered that Defendants' discovery responses be held in abeyance pending disposition of their motion to dismiss the Second Amended Complaint. (*See* Minute Entry dated Sept. 20, 2013.) Judge Reyes further ordered Defendants to take steps to ensure the preservation of all items requested for discovery. (*Id.*)

On October 15, 2013, Plaintiffs filed a second motion for discovery — which is the subject of this "motion for reconsideration." (*See* Pl. Sec. Mot. for Disc., Docket Entry No. 48.)[3] Plaintiffs requested an Order (1) requiring the DOJ to appoint counsel for the newly-named Defendants within 5 days[4] and (2) setting a deadline for Defendants to respond to Plaintiffs' discovery demands. (*Id.* at 1.) Plaintiffs argued that while Judge Reyes instructed that Defendants' discovery responses be held in abeyance, he did not set a date for the response. (*Id.* at 2.) Plaintiffs requested that Judge Reyes require that Defendants respond to Plaintiffs' discovery request simultaneously with the Court's ruling on Defendants' motion to dismiss. In support of this request, Plaintiffs argued that in light of the briefing schedule for the motion, Defendants would likely have "at least six months to complete their discovery obligations," amounting to "[s]ix times longer" than the thirty days afforded by Rule 33(b)(2) of the Federal Rules of Civil Procedure. (*Id.* at 2.)

Defendants argued that Plaintiffs' proposed deadline for discovery responses was "unreasonable and impractical," and "unrealistic" since Defendants could not possibly serve discovery responses on the day the Court issues a decision on Defendants' motion to dismiss the

---

[3] The parties submitted extensive briefing in connection with the litigation of the discovery issues before Judge Reyes, and in connection with the instant motion appealing Judge Reyes' October 18, 2013 Order. *See* Docket Entry Nos. 48–59. For ease of reference, the Court refers to "Disc. Mot." when referencing briefs submitted to Judge Reyes in connection with the discovery motion. The Court references the briefs submitted in connection with the instant objection to Judge Reyes' October 18, 2013 Order as follows: Plaintiff's "Motion for Reconsideration" ("Pl. Obj."); Defendants' Response ("Def. Resp."); Plaintiff's Reply ("Pl. Reply"); Defendants' Sur-Response ("Def. Sur-Resp."); and Plaintiffs' Sur-Reply ("Pl. Sur-Reply").

[4] Plaintiffs requested the appointment of counsel because, at that time, not all of the Defendants named in the Complaint were represented by counsel. (*See* Pl. Sec. Mot. for Disc. 1, Docket Entry No. 48.) As discussed *infra* footnote 7, all of the Defendants are now represented by counsel.

5

Amended Complaint. (Def. Resp. to Disc. Mot. 2[5], Docket Entry No. 49.) Defendants also argued that Judge Reyes had effectively "imposed a partial stay of discovery," and Plaintiffs were seeking to negate Judge Reyes' order. (*Id.* at 2–3.) Defendants further argued that Judge Reyes properly exercised his discretion and Plaintiffs have not shown that he abused his discretion. (Def. Sur-Resp. to Disc. Mot. 2, Docket Entry No. 51.)[6]

### c. Judge Reyes' October 18, 2013 Order

On October 18, 2013, Judge Reyes issued an order denying Plaintiffs' motion for discovery, citing the reasons stated in Defendants' response and sur-response. (Order dated Oct. 18, 2013 ("October 18, 2013 Order").)

### d. Plaintiffs' appeal of Judge Reyes' October 18, 2013 Order

On October 24, 2013, Plaintiffs moved for "reconsideration" of Judge Reyes' October 18, 2013 Order. (Pl. Obj., Docket Entry No. 53.) Though Plaintiffs' motion was titled as a "reconsideration" motion of the October 18, 2013 Order, Plaintiffs clarified in their reply that they were "seeking to appeal Judge Reyes' October 18, 2013 Order in accordance with Fed. Rule Civ. P. 72(a)." (Pl. Reply 2, Docket Entry No. 55.) Plaintiffs seek an order (1) vacating Judge Reyes' October 18, 2013 Order and (2) directing Defendants to respond to Plaintiffs' discovery demands simultaneously with the issuance of the Court's decision on Defendants' motion to

---

[5] For ease of reference, the Court has numbered the pages in Defendants' response and sur-response to Plaintiffs' motion for discovery.

[6] In their sur-reply, Plaintiffs also argued that Judge Reyes had instructed Defendants to provide the names of the "8127 Debarment Committee" members on May 10, 2013, and Defendants misrepresented to the Court on August 9, 2013 that this order was never given. (Pl. Sur-Reply to Disc. Mot. 1, Docket Entry No. 52.) Plaintiffs assert that the "8127 Committee" members were involved in the decision to debar Storms, Batlle and A1. (Sec. Am. Comp. ¶ 34.) Plaintiffs suggested in their sur-reply that "an evidentiary hearing will be required to determine the instructions given by [Judge Reyes] at the May 10, 2013 telephonic conference." (Pl. Sur-Reply To Disc. Mot. 2.)

6

dismiss the Second Amended Complaint.[7] (Pl. Obj. 10–11.) Plaintiffs argue that Defendants' refusal to timely respond to discovery is intended to inflict additional harm on Plaintiffs and unjustifiably prolongs necessary relief. Plaintiffs also assert that Defendants have improperly used the protective order instituted in this action to inflict damages on Plaintiffs,[8] (Pl. Obj. 8), and Defendants have refused to correct the "lingering effects" of the VA's debarment of Storms, Batlle and A1,[9] (*id.* at 8–10). Plaintiffs argue that pursuant to this Court's discretion to prevent "manifest injustice" and police government conduct that "shocks the conscience," Judge Reyes'

---

[7] Plaintiffs also seek an order directing Defendants to appoint counsel for the six "newly-named" Defendants within five calendar days of the Court's decision. (Pl. Obj. 10–11; *see supra* footnote 3.) Because Defendants advised in a November 1, 2013 submission to the Court that all of the "newly-named" Defendants are now represented by the United States Attorney's Office, and thus "there is no need [for] the Court to issue any type of order concerning the appointment of counsel for those [D]efendants," (Def. Sur-Resp. 5, Docket Entry No. 56), Plaintiffs' objection to the portion of Judge Reyes' October 18, 2013 Order denying Plaintiffs' request for the appointment of counsel is denied as moot.

[8] Plaintiffs have reportedly expressed difficulty in obtaining payments from the VA under a preexisting bus lease agreement. Plaintiffs state that in accordance with the protective order requiring Plaintiffs' counsel to communicate with defense counsel, rather than with VA personnel directly, counsel submitted Plaintiffs' invoices to be paid under the bus contract directly to defense counsel rather than to the agency itself. Plaintiffs complain that the VA has refused to pay the invoices because they were not submitted directly to the agency in accordance with their policy. (Pl. Obj. 8–10.)

[9] Notwithstanding the fact that the debarment was vacated by the VA on February 19, 2013, Plaintiffs allege that certain "lingering" effects of the debarment continue to harm Plaintiffs, and have requested that the Defendants take affirmative steps to correct these lingering issues. For example, Plaintiffs would like Defendants to remove references to the debarment from government websites or publications. (*E.g.*, Pl. Obj. 8–10.) Plaintiffs state that Defendants' refusal to correct the lingering effects of the debarment is in "[d]irect [c]ontempt" of this Court's direction on August 9, 2013, directing the parties to "try to resolve" such issues. (*Id.*)

7

October 18, 2013 Order should be vacated.[10] (*Id*. at 3–5.) Plaintiffs further argue that they have lost their livelihoods and over $15 million in contracts as a result of Defendants' "unlawful" debarment and that a "swift administration of justice" is necessary to remedy such "civil rights" violations. (Pl. Reply 3–5.)

      **e. Defendants' response to the appeal**

Defendants argue that Plaintiffs' objection to Judge Reyes' October 18, 2013 Order "wholly ignores" the fact that district courts have discretion to stay discovery pending a decision on a motion to dismiss, and Judge Reyes' October 18, 2013 Order was issued pursuant to his discretion. (Def. Resp. 2, Docket Entry No. 54.) Defendants also assert that Judge Reyes did not abuse his discretion in denying Plaintiffs' request for discovery, as such an order would "negate" the partial stay of discovery Judge Reyes issued on September 20, 2013. (Def. Sur-Resp. 6–8, Docket Entry No. 56.) Defendants argue that Plaintiffs' reliance on showing "manifest injustice" is "irrelevant" to a review of this motion, as that standard applies to reconsideration motions and not objections filed pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Defendants also assert that Plaintiffs' arguments concerning alleged governmental misconduct were "without merit" and constitute "new arguments" that were not raised when Plaintiffs' requested relief from Judge Reyes. (*Id.*)

In response to Plaintiffs' allegations that Defendants have abused the protective order, Defendants do not object to the motion insofar as it seeks to modify the protective order to allow Plaintiffs to submit invoices directly and electronically to the VA. (Def. Resp. 2.) Defendants deny that they have failed to comply with this Court's direction on August 9, 2013, regarding the

---

[10] Plaintiffs argue that a showing of "manifest injustice" is relevant to a determination of the instant motion as this Court has "inherent power" to prevent injustice and the prevention of "manifest injustice" requires a reversal of Judge Reyes' October 18, 2013 Order. (Pl. Sur-Reply 5–6, Docket Entry No. 58.)

8

"lingering" effects of the debarment, and contend that Plaintiffs' argument to the contrary is based on a misstatement of this Court's instruction. Defendants claim that the Court's direction to "try to resolve these lingering issues" of debarment did not require Defendants to "remove all references to the Debarment from government websites or publications." (*Id.* at 2–3.)

## II. Discussion

### a. Standard of Review

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar Inc. v. Sara Lee Corp.*, 990 F.2d 552, 525 (2d Cir. 1990). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and internal quotation marks omitted). Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *McNamee*, 2014 WL 1338720, at *2 (citing *Thomas E. Hoar, Inc.*, 990 F.2d at 524 and *United States v. District Council*, 782 F. Supp. 920, 922 (S.D.N.Y. 1992)). Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] bears a heavy burden." *Bachayeva v. Americare Certified Special Servs.*, No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y.

9

2011).[11]  Where a party serves and files objections to a magistrate judge's decision on "a pretrial matter not dispositive of a party's claim or defense" within fourteen days of that decision, "[t]he district judge in the case must consider [those] timely objections" to the magistrate judge's decision "and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

### b. Plaintiffs' Objections

Plaintiffs have not alleged, much less established, that Judge Reyes' October 18, 2013 Order was clearly erroneous or contrary to law.  Much of Plaintiffs' arguments relate to purported misconduct by Defendants with respect to certain "lingering issues" from the debarment of Storms, Batlle and A1 or relate to alleged abuse of the protective order.  However, these allegations regarding the "lingering issues" of debarment and the improper use of the protective order were not raised before Judge Reyes in connection with the motion for discovery.  "[A]n objecting party may not raise new arguments that were not made before the Magistrate Judge."  *Bell v. Pfizer*, No. 03-CV-9945, 2006 WL 2529762, at *1 (S.D.N.Y. Aug. 31, 2006) (citing *Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999); *Rosello v. Barnhart*, No. 02-CV-4629, 2004 WL 2366177, at *3 (S.D.N.Y. Oct. 20, 2004) (finding plaintiff's objection "untimely as Plaintiff did not raise the claim before [the] Magistrate Judge").  Moreover, these allegations do not bear on whether Judge Reyes' October 18, 2013 Order was clearly erroneous or contrary to law.  Plaintiffs have not established how these

---

[11] There is some disagreement between the parties as to whether a showing of "manifest injustice" is required to set aside Judge Reyes' October 18, 2013 Order.  This appears to stem from Plaintiffs' initial submission in connection with the motion which was styled as a "Motion for Reconsideration."  (*See* Pl. Obj.)  While a motion for reconsideration requires a showing of "an intervening change of controlling law . . . new evidence, or the need to correct a clear error or *prevent manifest injustice*," *Virgin Atl. Airways, Ltd v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (emphasis added), objections to an order by a magistrate judge, however, are subject to the standard of review set forth above.

allegations of misconduct demonstrate that Judge Reyes' October 18, 2013 Order was a "clear mistake" or "contrary to law."[12]

With respect to Plaintiffs' objection to Judge Reyes' refusal to impose a discovery deadline, the Court finds that both Judge Reyes' September 20, 2013 Order requiring that "Defendants' discovery responses . . . be held in abeyance pending disposition on their motion to dismiss, [and] counsel is to take steps to ensure discovery is preserved," (Order dated Sept. 20, 2013), and his October 18, 2013 Order denying Plaintiffs' request for discovery, were issued pursuant to Judge Reyes' discretion to stay discovery pending a motion to dismiss the Second Amended Complaint. *See Richards v. North Shore Long Island Jewish Health Sys.*, No. 10-CV-4544, 2011 WL 4407518, at *1 (E.D.N.Y. Sept. 21, 2011); *Integrated Sys. & Power, Inc. v. Honeywell Internat'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *2 (S.D.N.Y. Sept. 1, 2009). Moreover, as the Court does not provide advance notice to parties as to the date and time when it will issue a decision, Plaintiffs' request that Defendants be ordered to provide discovery simultaneously with the Court's decision would require Defendants to respond to discovery with no advance notice.

Plaintiffs have failed to show that Judge Reyes' October 18, 2013 Order was clearly erroneous or contrary to law. The Court finds that Judge Reyes acted within his discretion when he declined to order the discovery deadline requested by Plaintiffs.

---

[12] Indeed, the Court has already modified the protective order, pursuant to Plaintiffs' application. (Order dated April 4, 2014.) Plaintiffs' arguments regarding the alleged harm from the "lingering effects" of the debarment are inapplicable to the instant motion, as they essentially concern the merits of Plaintiffs' damages claims.

### III. Conclusion

For the reasons set forth above, Judge Reyes' October 18, 2013 order is affirmed in its entirety.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: July 16, 2014
      Brooklyn, New York